FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 OCT 18  AM 9:12

LORETTA G. WHYTE
         CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BARRY SEAL                                CIVIL ACTION

VERSUS                                    NO. 05-629

STATE OF LOUISIANA, ET. AL.               SECTION R

### ORDER AND REASONS

Defendants move to dismiss plaintiff Barry Seal's complaint for ineffective service of process. Defendants alternatively move for a more definite statement. For the reasons stated below, the Court DENIES defendants' motion to dismiss for ineffective service and DENIES defendants' motion for a more definite statement.

I.  **BACKGROUND**

On February 28, 2005, *pro se* plaintiff Barry Seal filed his complaint against defendants the State of Louisiana, the Department of Public Safety and Corrections, the Department of Commerce, the Legislature of the State of Louisiana and the

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

Office of the Governor, alleging, *inter alia*, that defendants unconstitutionally denied him a driver's license and/or state photo I.D. on the basis of his religious beliefs.  On the same date, the United States Magistrate Judge granted plaintiff's application to proceed *in forma pauperis* in this action.  On April 28, 2005, returns of service for all defendants were filed into the record.  The returns of service indicate that the U.S. Marshal served each of the defendants with a summons and complaint on April 15, 2005.

Defendants now move to dismiss the complaint for ineffective service of process.[1]  They assert that the service returns in the record actually indicate that service was made on the defendants by certified mail, return receipt requested, and that certified mail is not a permissible method of service under Federal Rule of Civil Procedure 4 or Louisiana state law.  In the alternative, defendants move for a more definite statement under Federal Rule of Civil Procedure 12(e).  Plaintiff has not responded to defendants' motion.

---

[1] Defendants move in the alternative to quash plaintiff's service of process and direct him to serve defendants in accordance with Federal Rule of Civil Procedure 4.  Because defendants make the same arguments in connection with each of these requests for relief, the Court will treat them together.

## II. DISCUSSION

### A. Motion to Dismiss for Ineffective Service of Process

When service of process is challenged, the party on whose behalf service was made bears the burden of establishing its validity. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). That burden can generally be met by producing the return of service, which is *prima facie* evidence of the manner in which service was made. *See Tinsley v. Comm'r*, No. 396-CV-1769-P, 1998 WL 59481, at *3 (N.D. Tex. Feb. 9, 1998); *see also O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) ("A signed return of service constitutes prima facie evidence of valid service 'which can be overcome only by strong and convincing evidence.'" (quoting *Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir. 1955))). "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. United States Dep't of Labor*, 788 F.2d 1115, 1115 (5th Cir. 1986).

Service of process in this case is governed by Rule 4(j)(2), which sets out the requirements for service on state governments and governmental organizations.[2] Rule 4(j)(2) provides that

---

[2]Defendants devote the majority of their argument to whether service by certified mail is permissible under Rule 4(e), which governs service of process on individuals. Because each of the defendants here is a part of the government of the state of

service of process on a state government or a governmental organization can be made either by service on the organization's chief executive officer or by "serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." Fed. R. Civ. P. 4(j)(2).[3]

Here, the service returns in the record show that service was made on the defendants on April 15, 2005. This is sufficient to satisfy plaintiff's burden of producing *prima facie* evidence that service was made, and the burden thus shifts to defendants to produce evidence showing that the service was improper. *See Tinsley*, 1998 WL 59481, at *3. Defendants argue that the service of process in this case was invalid because it appears that

---

Louisiana, however, Rule 4(j)(2) applies.

[3]Under Louisiana law, service upon the state or a state agency is governed by Louisiana Revised Statutes section 13:5107. Section 13:5107 provides, in pertinent part:

> A. In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office . . . or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state . . . .

La. Rev. Stat. Ann. § 13:5107(A).

4

service was made by certified mail, which is not a method of service permitted under either Rule 4 or Louisiana law.

Although defendants are correct that service by certified mail is generally not a proper method of service under either Rule 4 or Louisiana law, defendants' argument nevertheless fails because it rests on the unfounded premise that service was actually made by certified mail in this case. Nothing in the returns of service indicates that service was made by certified mail. To the contrary, the returns instructed the U.S. Marshal to serve the summons and complaint on the defendants at various addresses in Baton Rouge, Louisiana. Moreover, the returns indicate that they were in fact served on the various defendants by the U.S. Marshal on April 15, 2005, between 10:30 a.m. and 11:00 a.m. While the word "mailed" does appear on the returns, it is to indicate that the returns were mailed from New Orleans to Baton Rouge on April 11, 2005 for service by the U.S. Marshal in Baton Rouge, not to indicate that they were actually served on defendants by certified mail. As defendants have not provided any evidence showing that service was made by certified mail, they have thus failed to rebut plaintiff's *prima facie* showing of valid service.

Even assuming that plaintiff's service of process did not comply with the provisions of Rule 4(j)(2), dismissal would still be inappropriate here. Special considerations are given under

the Federal Rules of Civil Procedure to parties, like plaintiff here, who proceed *in forma pauperis*. Plaintiffs proceeding *in forma pauperis* are specifically permitted to have the U.S. Marshal effect service of process on other parties. *See* Fed. R. Civ. P. 4(c)(2). When an *in forma pauperis* plaintiff has requested service by the U.S. Marshal, the plaintiff is "entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). So long as the plaintiff requests that the U.S. Marshal serve the appropriate defendants and attempts to remedy any defects in service of which he has knowledge, a court should not dismiss his complaint for the U.S. Marshal's failure to properly serve a party. *See Wharton v. Metro. Transit Auth. of Harris County*, No. Civ.A. H-05-0413, 2005 WL 1653075, at *2 (S.D. Tex. July 8, 2005); *Kimble v. Allied Physicians, LLC*, No. Civ.A. 04-2372, 2005 WL 1038202, at *2 (E.D. La. Apr. 29, 2005).

Here, plaintiff identified each of the defendants and requested service by the U.S. Marshal. Defendants have not pointed to any defect in service of which plaintiff was aware. Accordingly, any such defect was not the result of dilatoriness on the part of plaintiff, and defendants' motion to dismiss is therefore denied.

B.   **Motion for a More Definite Statement**

Defendants move in the alternative for a more definite statement under Rule 12(e). A district court will grant a motion for a more definite statement pursuant to Rule 12(e) when the pleading at issue "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). The motion must state the defects in the pleading and the details desired. *See id.* Given the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959); *Gibson v. Deep Delta Contractors, Inc.*, No. Civ.A. 97-3791, 2000 WL 28174, at *6 (E.D. La. Jan. 14, 2000). At the same time, the Supreme Court has noted that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). In deciding whether to grant a Rule 12(e) motion, the trial judge is given considerable discretion. *See Newcourt Leasing Corp. v. Regional Bio-Clinical Lab, Inc.*, No. Civ. A. 99-2626, 2000 WL 134700, at *1 (E.D. La. Feb. 1, 2000). Here, although plaintiff's complaint is not the model of clarity, the Court finds that plaintiff has provided defendants with enough information for them to respond to the complaint. Defendants' motion for a more definite statement is therefore denied.

## III. CONCLUSION

For the reasons stated above, the Court DENIES defendants' motion to dismiss for ineffective service of process and DENIES defendants' motion for a more definite statement.

Baton Rouge, Louisiana, this 17th day of October, 2005.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE